**Dennis Guy ERDMAN, Plaintiff–Appellant,**

v.

**Bill MARTIN, et al., Defendants–Appellees.**

No. 02–1302.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and COLLIER, District Judge.*

## ORDER

Dennis Guy Erdman, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights case filed pursuant to 42 U.S.C. §§ 1983 and 2000. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Erdman sued multiple prison officials alleging that the defendants improperly withdrew funds from his prison account based upon court orders. Further, when he quit his prison job in September 2000 because he refused to work when his wages were deducted to pay his debts, the defendants subjected him to a disciplinary action and a fraudulent classification report. He also alleged that he was subjected to additional retaliation by being transferred to another prison. Upon de novo review of a magistrate judge's report, the district court granted summary judgment to the defendants.

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

In his timely appeal, Erdman argues that the due process clause prohibits the defendants from withdrawing 100% of his institutional wages, that he is being denied access to the courts, that he stated a claim of retaliation, and that his Eighth and Thirteenth Amendment rights have been violated.

The district court's judgment is reviewed de novo. *See Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir.1999).

■ Erdman asserts that his due process rights were violated because the defendants took 100% of his prison wages to pay his debts owed for filing fees and costs. The withdrawals were pursuant to ten court orders mandating that the funds be withdrawn from Erdman's prison account to pay his court costs and fees. In Erdman's most recent legal action, the Wayne County (Michigan) Circuit Court directed that 90% of Erdman's assets be paid to the state of Michigan, up to an amount equal to the actual cost of his confinement. As the withdrawals were pursuant to court orders, and the funds were being utilized for Erdman's benefit, the defendants did not violate Erdman's constitutional rights. *See Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir.1997); *Mahers v. Halford*, 76 F.3d 951, 954–55 (8th Cir.1996).

Erdman contends that the withdrawals denied him access to the courts. Inmates have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 823, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, the right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources. *See Lewis v. Casey*, 518 U.S. 343, 352–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). There is no generalized right to litigate which is protected by the First Amendment. *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999). In *Lewis*, the Supreme Court held that an inmate claiming that he was denied his right to the courts must show that he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants. *Lewis*, 518 U.S. at 349–51, 116 S.Ct. 2174.

■ Erdman has not identified any case in which he has suffered injury or prejudice because fees were withdrawn to pay his debts. The existence of this very appeal establishes that he is not being deprived access to the courts. The argument is meritless.

Erdman also states that he has established a claim of retaliation. To state a claim of retaliation, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus–X*, 175 F.3d at 394. "[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Id.* at 395.

The facts establish that prison officials were not withdrawing money from Erdman's trust account for retaliatory purposes. Rather, the withdrawals were to pay for Erdman's debts. Contrary to his position, Erdman ·has not established a claim of retaliation.

■ Erdman states that the withdrawals constitute cruel and unusual punishment. In order to establish a claim under the Eighth Amendment, the offending conduct must be an "unreasonable and unwanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Such a claim has both an objective and subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298, 111

S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment claim requires that the pain be serious. *Id.* The Supreme Court addressed the objective component in *Rhodes v. Chapman*, 452 U.S. 337, 347–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), noting that although double celling may be painful, it did not concern the deprivation of the "minimal civilized measure of life's necessities." The objective component, in contrast, constitutes the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See Wilson*, 501 U.S. at 301–03, 111 S.Ct. 2321. The objective component provides that the offending, non-penal conduct be wanton. *Id.*

The withdrawal of Erdman's funds from his trust account does not deprive Erdman of life's necessities nor is it wanton. The withdrawals were pursuant to court orders. Erdman chose to incur the debts for multiple court actions and he must now pay for his voluntary actions.

Finally, Erdman states that he is a slave to the state of Michigan. Erdman is not a slave. The money he earns pays his debts. As Erdman chose to voluntarily quit his prison job, pursuant to prison policy, he was confined to his cell during working hours. Erdman is not forced to work. He chose to work and the money he earned from his employment went to pay his debts. The argument is meritless.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.